UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| LARRY R. MOGG, | ) | |
|        Plaintiff, | ) | |
| | ) | |
|   vs. | ) | 1:04-cv-1446-RLY-WTL |
| | ) | |
| MICHAEL J. ASTRUE, ACTING | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
|        Defendant. | ) | |

**ENTRY ON PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER
THE EQUAL ACCESS TO JUSTICE ACT and PLAINTIFF'S MOTION FOR
ADDITION TO AMOUNT OF E.A.J.A. ATTORNEY FEES**

Plaintiff, Larry R. Mogg ("Mogg"), brings this action seeking attorney's fees

pursuant to the Equal Access to Justice Act  28 U.S.C. § 2412(d)(1) ("EAJA") as the

prevailing party in an action against the United States.  Defendant, Michael J. Astrue,[1]

Commissioner of Social Security ("Commissioner") objects.  For the reasons set forth

below, the court **DENIES** Plaintiff's motion for attorney fees and his supplemental

motion for additional attorney fees.

**I.**     **Procedural History**

On January 25, 2002, Mogg filed his application for benefits, alleging disability

---

[1] On February 12, 2007, Michael J. Astrue became the Acting Commissioner of Social
Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue
should be substituted, therefore, for Commissioner Jo Anne B. Barnhart, as the defendant in this
suit.  No further action need be taken to continue this suit by reason of the last sentence of
section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

due to various ailments, including osteoarthritis of the knees and degenerative arthritis of the spine. After a denial of his application, Mogg filed a request for hearing before an Administrative Law Judge ("ALJ"). Mogg's case was assigned to an ALJ, who conducted a hearing on September 30, 2003, at which Mogg appeared and testified. On February 27, 2004, the ALJ determined that Mogg was not disabled.

On September 3, 2004, Mogg appealed the ALJ's decision to this court, and on July 19, 2005, the court affirmed the judgment of the ALJ in a Memorandum Decision. On September 19, 2005, Mogg appealed this court's decision to the Seventh Circuit Court of Appeals. On October 12, 2006, the Seventh Circuit vacated the judgment of this court and remanded the case to the ALJ to more adequately articulate his reasoning at Step Three of the analysis. Mogg now moves for fees under the EAJA.

## II.    Discussion

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court

shall award to a prevailing party other than the United States fees and other expenses. . ., incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Accordingly, a plaintiff is entitled to fees and expenses if "(1) he was a 'prevailing party'; (2) the government's position was not 'substantially justified'; (3) there existed no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court." *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). The only element in dispute is whether the government's position was

2

substantially justified.

A court may award attorney fees if either the Commissioner's pre-litigation conduct or her litigation position was not substantially justified. *Id.* The ALJ's decision is considered a part of the Commissioner's pre-litigation conduct. *Id.* at 864.

Although the EAJA does not define "substantial justification," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The standard is satisfied upon the existence of a "genuine dispute," or if reasonable people could differ as to the appropriateness of the contested action. *Pierce*, 487 U.S. at 565 (quotations omitted); *see also Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992).

> . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e*., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*Id*. at 566 n. 2. *See also Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994) ("The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its decision."). The burden of proving substantial justification rests with the Commissioner. *Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996); *Smith v. Bowen*, 663 F.Supp. 59, 60 (S.D.Ind. 1987).

In the instant case, the Seventh Circuit held that the ALJ failed to adequately articulate the basis for his finding that Mogg's impairments did not meet or equal a medical listing at Step Three of his analysis. *Mogg v. Barnhart*, 199 Fed.Appx. 572, 576

(7th Cir. 2006).  The Court's criticism focused on the fact that the ALJ not only failed to

specify the relevant Social Security listings, but also failed to properly evaluate certain

documents showing that Mogg "could not ambulate effectively according to Listing 1.02,

and that the movement of his spine was limited according to Listing 1.04."  *Id.*

The Seventh Circuit's opinion did not reject the court's determination that there

was substantial evidence in the record supporting the ALJ's decision.  Rather, it held that

there was some contrary evidence in the record that the ALJ failed to consider, or at least

failed to articulate that he had considered.  *Id.*  As there was some evidence to support the

Commissioner's position, the court finds that a genuine dispute existed, and thus, the

Commissioner's position was substantially justified.  *See Stein*, 966 F.2d at 320 ("The

requirement that the ALJ articulate his consideration of the evidence is deliberately

flexible . . . That the ALJ failed to meet this articulation requirement in no way

necessitates a finding that the Secretary's position was not substantially justified."); *see

also Cunningham*, 440 F.3d at 864 (holding that a court did not abuse its discretion in

denying an award of EAJA fees where the case was remanded for further articulation).

Mogg's motion for EAJA attorney fees and his supplemental motion for additional fees

are therefore **DENIED**.


**III.    Conclusion**

For the reasons explained above, the court hereby **DENIES** Plaintiff's Application

for Attorney Fees Under the Equal Access to Justice Act (Docket # 34) and **DENIES**

4

Plaintiff's Motion for Addition to Amount of E.A.J.A. Attorney Fees (Docket # 40).

**SO ORDERED** this 30th day of April 2007.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Patrick H. Mulvany
mulvany@onet.net

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov